| | |
|---|---|
| UNION SECURITY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) EVA M. SMITH, ) Serve at: ) 1686 N. Mumford St. ) Springfield, Missouri 65802 ) ) AND ) ) CHARLES KELSEY SMITH, PERSONAL ) REPRESENTATIVE FOR THE ESTATE OF ) CHARLES VERNON SMITH, ) Serve at: ) Anne Sallee Mason ) The Law Firm of Neale & Newman LLP ) 1949 East Sunshine, Suite 1-130 ) Springfield, Missouri 65804 ) ) Defendants. ) ) | Case No. 6:16-cv-03437 |

## COMPLAINT IN INTERPLEADER

Union Security Insurance Company (hereinafter "Plaintiff" or "Union Security"), by and through its undersigned counsel, hereby files this Interpleader Complaint and states and shows as follows:

## PARTIES

1. Union Security is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business in Rapid City, South Dakota. Union Security issued to Prime, Inc., Charles Vernon Smith's employer, a group life insurance policy for the benefit of employees of Prime, Inc. The claims at issue under the

Prime, Inc. group life insurance policy were administered and adjudicated in Kansas City, Missouri.

2. Eva M. Smith ("Eva Smith") is a citizen of the State of Missouri who, upon information and belief, resides at 1686 N. Mumford St., Springfield, Missouri 65082.

3. At the time of his death, Charles Vernon Smith ("Decedent") was married to Eva Smith.

4. Charles Kelsey Smith is Personal Representative for the Estate of Charles Vernon Smith (the "Estate").

5. Charles Kelsey Smith is Decedent's son.

6. In his capacity as Personal Representative for the Estate, Charles Kelsey Smith has designated a Missouri resident agent for service of process within the State of Missouri: Anne Sallee Mason, 1949 East Sunshine, Suite 1-130, Springfield, Missouri 65804.

7. At the time of his death, Decedent was a citizen of the State of Missouri who resided at 1686 N. Mumford St., Springfield, Missouri 65082.

8. In his capacity as Personal Representative for the Estate, Charles Kelsey Smith is a citizen of the State of Missouri. 28 U.S.C. § 1332(c)(2).

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this Interpleader Complaint pursuant to 28 U.S.C. §1331, Fed. R. Civ. P. 22 and 29 U.S.C. §1132(e) because the controversy involves multiple and conflicting claims to benefits due under an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001, et seq.

10. Venue is appropriate pursuant to 29 U.S.C. § 1132(e)(2) because administration of the employee welfare benefit plan at issue and in particular the conflicting claims for benefits occurred in this judicial district. Venue is also appropriate in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

11. Prior to his death, Decedent was an employee of non-party Prime, Inc. f/k/a New Prime, Inc. ("Prime, Inc.").

12. Union Security issued to Prime, Inc., for the benefit of its participating employees, a Group Term Life Insurance Policy (Contributory) bearing Policy Number G 5469882 (the "Group Life Policy"). The Group Life Policy is attached as Exhibit A.

13. On January 1, 2014, Decedent executed an online benefits enrollment form, electing, *inter alia*, to purchase coverage under the Group Life Policy. A true and correct copy of the January 1, 2014 Enrollment Form is attached hereto as Exhibit B.

14. As part of his benefits under the Group Life Policy, Decedent was entitled to coverage in the amount of $200,000. See Exhibit B.

15. On his online benefits enrollment form, Decedent identified his Estate as 75% beneficiary of the Group Life Policy and Charles Kelsey Smith, his son, as 25% beneficiary of the Group Life Policy. See Exhibit B.

16. Decedent died on August 29, 2015. Certification of Death, a true and correct copy of which is attached as Exhibit C.

17. Plaintiff received from Eva Smith a claim for benefits under the Group Life Policy dated September 4, 2015. A true and correct copy of the September 4, 2015 Beneficiary Statement is attached as Exhibit D.

18. Plaintiff received from non-party Charles Kelsey Smith a claim for benefits under the Group Life Policy dated October 22, 2015. True and correct copies of the October 22, 2015 Life Claims Statement and Beneficiary Statement are attached as <u>Exhibit E</u>.

19. Plaintiff received from non-party Prime, Inc. an Employer Life Claims Statement dated October 26, 2015. A true and correct copy of the October 26, 2015 Employer Life Claims Statement is attached as <u>Exhibit F</u>.

20. On the October 26, 2015 Employer Life Claims Statement, Prime, Inc. identified Eva Smith as 75% beneficiary of the Group Life Policy and Charles Kelsey Smith as 25% beneficiary of the Group Life Policy. See <u>Exhibit F</u>.

21. By letter dated November 25, 2015, Plaintiff acknowledged receipt of Eva Smith's claim for benefits under the Group Life Policy; advised Eva Smith that Decedent had listed his Estate as 75% beneficiary of the Group Life Policy; advised Eva Smith that she was not listed as a beneficiary of the Group Life Policy; and requested that Eva Smith sign a disclaimer statement. A true and correct copy of Plaintiff's November 25, 2015 letter is attached as <u>Exhibit G</u>.

22. By letter dated January 8, 2016, Plaintiff again advised Eva Smith that Decedent had listed his Estate as 75% beneficiary of the Group Life Policy and requested that she complete a disclaimer statement. A true and correct copy of Plaintiff's January 8, 2016 letter is attached hereto as <u>Exhibit H</u>.

23. To date, Eva Smith has refused to disclaim her claim to benefits under the Group Life Policy.

-4-

26382036v3  Case 6:16-cv-03437-BP   Document 1   Filed 10/26/16   Page 4 of 7

24. By e-mail dated May 13, 2016, Plaintiff received from the Estate a claim for benefits under the Group Life Policy. True and correct copies of the May 13, 2016 e-mail and Beneficiary Form are attached hereto as <u>Exhibit I</u>.

25. Union Security paid to non-party Charles Kelsey Smith the undisputed portion of the benefits owed under the Group Life Policy, $50,001.45, leaving $150,000.00 in dispute. The payment made to Charles Kelsey Smith included interest in the total amount of $1.45.

26. The Defendants each claim to be owed $150,000.00 under the Group Life Policy.

27. By e-mail dated May 25, 2016, Plaintiff advised counsel for the Estate that Eva Smith had filed a competing claim for benefits under the Group Life Policy and requested that the claimants attempt to resolve the conflict.

28. By e-mail dated July 12, 2016, Attorney Anne Salle Mason, counsel for the Estate, advised Plaintiff that it was the Estate's position that the beneficiary designation clearly listed the Estate as 75% beneficiary of the Group Life Policy.

29. To date, Defendants have not reached an agreement as to who is the 75% beneficiary of the Group Life Policy.

## **CAUSE OF ACTION - INTERPLEADER**

30. Plaintiff incorporates paragraphs 1 through 28 of this Interpleader Complaint as if the same were set forth herein at length.

31. Benefits totaling $150,000.00 under the Group Life Policy are due and payable and subject to the conflicting claims of Defendants.

32. Plaintiff is an innocent stakeholder faced with multiple liability. If it pays benefits to only one of the Defendants it is exposed to liability from the other Defendant as each have asserted claims to the stake.

33. Plaintiff will deposit the contested life insurance benefits totaling $150,000.00, together with any applicable interest, into the registry of this Court until a determination can be made as to the rightful beneficiaries entitled to the benefits.

34. Absent an Order from this Court directing Plaintiff to pay the benefits into the registry of this Court and discharging Plaintiff from any liability, Plaintiff remains an innocent stakeholder faced with multiple and conflicting claims to the remaining benefits due under the policy.

35. Other than as described herein, Plaintiff claims no interest in the life insurance benefits.

36. All obligations under the provisions of the Group Life Policy have been duly performed and proof of death has been made.

37. Plaintiff has not colluded with any of the Defendants regarding this dispute.

38. Plaintiff is not in any way indemnified by any Defendant and files this Complaint, which involves the cause of action of interpleader to avoid multiple liability, unnecessary suits and the costs incident thereto.

39. Plaintiff is entitled to recovery of its reasonable costs and attorney's fees pursuant to 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

(a) Directing Plaintiff to deposit the benefits due under the Union Security Group Life Policy, totaling $150,000.00, together with any applicable interest into the registry of this Court, until entitlement of benefits is adjudicated;

(b) Discharging Plaintiff from any and all liability related to the benefits due under the Union Security Group Life Policy, except to the person(s) to whom this Court shall adjudge entitled to the remaining benefits;

(c) Enjoining any parties, named or unnamed, from initiating any action against Plaintiff regarding any benefits due under the Policies;

(d) Awarding to Plaintiff its costs and reasonable attorney's fees, together with any other relief this Court deems fair and just;

(e) Granting such other relief as this Court deems fair and just.

Dated: October 26, 2016　　　　　　　　　LATHROP & GAGE LLP

　　　　　　　　　　　　　　　　　　By:　/s/ *Richard N. Bien*
　　　　　　　　　　　　　　　　　　　　Richard N. Bien (31398)
　　　　　　　　　　　　　　　　　　　　Sarah E. Lintecum (66044)
　　　　　　　　　　　　　　　　　　　　2345 Grand Boulevard, Suite 2200
　　　　　　　　　　　　　　　　　　　　Kansas City, Missouri  64108-2618
　　　　　　　　　　　　　　　　　　　　Telephone:　816.292.2000
　　　　　　　　　　　　　　　　　　　　Telecopier:　816.292.2001
　　　　　　　　　　　　　　　　　　　　rbien@lathropgage.com
　　　　　　　　　　　　　　　　　　　　slintecum@lathropgage.com

　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF
　　　　　　　　　　　　　　　　　　　　Union Security Insurance Company