# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNION SECURITY INSURANCE COMPANY ) ) ) Plaintiff, ) v. ) ) EVA M. SMITH, ) ) and ) ) CHARLES KELSEY SMITH, ) PERSONAL REPRESENTATIVE OF THE ) ESTATE OF CHARLES VERNON SMITH, ) ) Defendants. ) | No. 16-03437-CV-S-BP |

## ORDER AND OPINION DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION

Plaintiff filed this interpleader action, contending federal jurisdiction exists pursuant to 28 U.S.C. § 1331. Defendant Charles Kelsey Smith (in his capacity as the personal representative for the Estate of Charles Vernon Smith) has filed a Motion to Dismiss, contending that federal jurisdiction is lacking. After considering the parties' arguments, the Court concludes that federal jurisdiction exists and the Motion to Dismiss, (Doc. 5), is **DENIED**.

## I. BACKGROUND

Before his death, Charles Vernon Smith ("Charles Vernon") was employed by Prime, Inc. ("Prime"). (Doc. 1, ¶ 11.) Prime procured a group life insurance policy from Plaintiff, which enabled its employees to obtain life insurance. (Doc. 1, ¶¶ 1, 12.) Charles Vernon purchased coverage under this group life insurance policy in the amount of $200,000. (Doc. 1, ¶¶ 13-14.)

Charles Vernon passed away in September 2015. (Doc. 1, ¶ 16.) On his enrollment form, he had designated his Estate to receive 75% of the proceeds and his son, Charles Kelsey Smith ("Charles Kelsey"), to receive 25% of the proceeds. (Doc. 1, ¶ 15; Doc. 1-2.) However, Charles Vernon's wife, Eva Smith ("Eva"), submitted a claim for 75% of the proceeds. (Doc. 1, ¶ 17.) Plaintiff twice contacted Eva, advising her that she is not listed as a beneficiary on the policy and asking that she complete a disclaimer statement. (Doc. 1, ¶ 21-22; Doc. 1-7; Doc. 1-8.) Eva did not complete a disclaimer statement. (Doc. 23.)

Plaintiff paid Charles Kelsey the 25% share of the proceeds that he was entitled to, (Doc. 1, ¶ 25), then contacted Charles Vernon's Estate to advise of Eva's competing claim for the remaining 75%. (Doc. 1, ¶ 27.) The Estate's attorney insisted that the Estate is entitled to the proceeds and that Eva is not. (Doc. 1, ¶ 28.) To date, Eva and the Estate have not agreed who is entitled to the proceeds. (Doc. 1, ¶ 29.)

Plaintiff concedes that it is obligated to pay $150,000 (and claims no interest in the proceeds), but it fears multiple liabilities if it pays the wrong party. (Doc. 1, ¶¶ 31-35.) Accordingly, it instituted this interpleader action, anticipating that it would deposit the $150,000 with the Court and leave Eva and the Estate to press their claims. In doing so, Plaintiff contends the Court has jurisdiction under 28 U.S.C. § 1331 "because the controversy involves multiple and conflicting claims to benefits due under an employee welfare benefit plan subject to" the Employee Retirement Income Security Act ("ERISA"). (Doc. 1, ¶ 9.) The Estate has filed a Motion to Dismiss, contending that jurisdiction is lacking because (1) it is not clear that an ERISA plan is involved and (2) even if an ERISA plan is involved, Plaintiff's claim is not a claim for benefits and thus ERISA is not implicated. As discussed more fully below, the Court rejects both arguments.

## II. DISCUSSION

ERISA allows a beneficiary of a plan to bring a civil action to recover benefits due under an ERISA plan. 29 U.S.C. § 1132(a). ERISA further provides that federal courts shall have exclusive jurisdiction over such civil actions. *Id*. § 1132(e)(1). Finally, any state claim for benefits is preempted, and any claim for benefits is deemed to arise under ERISA. *E.g., Prudential Ins. Co. of Am. v. National Park Med. Ctr., Inc.,* 413 F.3d 897, 913-14 (8th Cir. 2005); *Fink v. Dakotacare,* 324 F.3d 685, 688-89 (8th Cir. 2003). Preemption occurs so long as "resolution of the claim is substantially dependent on an analysis of the terms of the benefit plan," *Neumann v. AT&T Comm., Inc.,* 376 F.3d 773, 780 (8th Cir. 2004), in which case the claim is treated as a claim arising under ERISA.

The Estate does not dispute this analysis. However, the Estate contends the Complaint does not arise under ERISA for two reasons. First, the Estate contends "it is unclear . . . whether the policy proceeds at issue derive from an ERISA-governed plan at all." (Doc. 5, p. 3.) For this argument, Plaintiff focuses on Charles Vernon's individual policy and compares it to a one time, lump-sum payment that may not qualify as an ERISA plan. *See Eide v. Gray Fox Tech. Svcs. Corp.,* 329 F.3d 600, 606 (8th Cir. 2003). However, Charles Vernon's policy existed only by virtue of the group policy that Prime obtained from Plaintiff for the specific purpose of allowing Prime's employees the opportunity to purchase life insurance. The group policy is attached to the Complaint, (Doc. 1-1), and the Court's review confirms that the group policy was procured, established and maintained by Prime for the benefit of all of its employees and thus qualifies as an ERISA plan. *See* 29 U.S.C. § 1002(1) (ERISA's definition of a plan); *see also Ibson v. United Healthcare Services, Inc.,* 776 F.3d 941, 944 (8th Cir. 2014) (discussing § 1002(1)).

3

Case 6:16-cv-03437-BP   Document 13   Filed 01/09/17   Page 3 of 5

The Estate's second (and primary) argument is that the case does not arise under ERISA because Plaintiff's claim does not seek to recover benefits, enforce rights, or otherwise involve construction of the plan's terms.  The Court believes the Estate places undue importance on the form this case takes and pays insufficient consideration to its substance.  Plaintiff does not claim an interest in the benefits, but it seeks a legal determination of its obligations under the plan.  Moreover, this suit arises from Eva's and the Estate's claims for benefits.  If Eva or the Estate initiated suit against Plaintiff for the insurance proceeds, the suit would arise under federal law.  The Court concludes this suit – which also seeks to resolve Eva's and the Estate's claims for proceeds – similarly arises under federal law.  Finally, Plaintiff's obligation is not merely to "pay money," but to pay money to the proper recipient.  Therefore, Plaintiff effectively seeks – and the respective claims will require – interpretation of the plan's provisions, particularly the plan's provisions regarding designation of beneficiaries.

Under these circumstances, other courts have held that an interpleader action such as this presents claims arising under federal law.  For instance, in a very similar situation the Third Circuit held that the insurer's "interpleader action . . . seeks to enforce the provisions of ERISA and the plan by ensuring that funds are disbursed to the proper beneficiary. . . . This is enough to confer subject matter jurisdiction under ERISA."  *Metropolitan Life Ins. Co. v. Price,* 501 F.3d 271, 277 (3d Cir. 2007); *see also Principal Life Ins. Co. v. Smith,* 385 F. App'x 878, 879 n.1 (11th Cir. 2010); *Metropolitan Life Ins. Co. v. Marsh,* 119 F.3d 415, 418 (5th Cir. 1997); *Gelfgren v. Republic Nat'l Life Ins. Co.,* 680 F.2d 79, 81 (9th Cir. 1982).  For these reasons, the Court concludes that this suit requires resolution of claims relating to an ERISA plan pursuant to 29 U.S.C. § 1132(a), and therefore federal jurisdiction is present.

4

## III. CONCLUSION

For the reasons set forth above, the Court concludes that it has jurisdiction over this case and the Motion to Dismiss, (Doc. 5), is **DENIED.**

**IT IS SO ORDERED**

Date: January 9, 2017

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT